**UNITED STATES**

v.

James Edward HOLMON, 490 64 0791, Private First Class (E–2), U. S. Marine Corps.

NCM 77 0212.

U. S. Navy Court of Military Review.

27 May 1977.

CDR Carl H. Horst, JAGC, USN, Appellate Defense Counsel.

LCDR N. P. DeCarlo, JAGC, USN, Appellate Government Counsel.

Before NEWTON, DUNBAR and GLADIS, JJ.

NEWTON, Senior Judge:

This case might by styled as "The Missing Victim." Thereby rises the basis for two of appellant's three assignments of error, for it clearly affected the method of proof which the Government utilized to obtain a conviction. Additionally, it indirectly necessitates corrective action by this Court.

The appellant has been convicted by court members of larceny of a television set and of a stereo set from Private First Class K. K did not testify during the trial.

PFC T, an admitted accomplice, testified at trial. His testimony for the Government was a major portion of the prosecution case, and may be classified as important testimony. T was testifying voluntarily, in return for which T's court-martial convening authority—different from that of appellant—agreed to substantial punishment limitations at T's special court-martial for related offenses. The agreement required that T's testimony be "voluntarily and truthful."

There is a single supervisory reviewing authority exercising general court-martial jurisdiction over both the appellant's court-martial and T's court-martial. That authority of necessity is required to evaluate the credibility of T's testimony against the appellant. That reviewing authority is pre-cluded from acting in the instant case since he may be hesitant to discard the judgment of one of his subordinates concerning T's credibility. *United States v. Ward*, 23 U.S. C.M.A. 572, 50 C.M.R. 837, 1 M.J. 176 (1975) and cases cited therein. That premise is thought to be the law, even though it is speculative, remote, and appears entirely unlikely to occur. A major commander must each day weigh, compare, and choose or reject his subordinate's opinions and conclusions. It is one of his prime functions. Little reason is seen to suppose he is entirely capable of such functions in all but court-martial cases—yet under *Ward, supra,* it appears that is what he is precluded from doing.

A new review and action by a different supervisory authority is considered necessary.

The action of the supervisory authority is set aside. The record is returned to the Judge Advocate General of the Navy for a new staff judge advocate's review and supervisory authority's action by different officials, and further disposition as may be required thereafter.

Judge DUNBAR and Judge GLADIS concur.